UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-cv-20539-UU

GOOD MAN PRODUCTIONS, INC.,

    Plaintiff,

v.

JOHN DOE SUBSCRIBER ASSIGNED IP
ADDRESS 174.48.143.202,

    Defendant.

_____/

## ORDER ON MOTION FOR LEAVE

THIS CAUSE comes before the Court upon Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, D.E. 6.

THE COURT has reviewed the pertinent portions of the record, and is otherwise fully advised on the premises. On February 11, 2015, the Court issued an Order to Show Cause, D.E. 4, ordering Plaintiff to show good cause why the Court may reasonably rely on Plaintiff's usage of geolocation or other technologies to (1) establish the identity of the Defendant and (2) that the Defendant may be found within this district; and to show good cause why this case should not be dismissed for improper venue. Plaintiff has filed a response to the Order to Show Cause, and in the response, Plaintiff attacks this Court's previous order dismissing nearly identical claims brought against a different IP address and argues that "All Other Courts Have Disagreed with Your Honor's Ruling." D.E. 9 at 7.

The Court disagrees with Plaintiff and finds that Plaintiff fails to show good cause as to why this

case should not be dismissed for improper venue, and has failed to establish good cause as to why a Rule 45 subpoena should be issued.

"Several courts have found it troubling that the subscriber associated with a given IP address may not be the person responsible for conduct traceable to that IP address." *Malibu Media, LLC v. Doe*, No. PWG-13-365, 2014 WL 7188822, at *4 (D. Md. Dec. 16, 2014); *see Patrick Collins, Inc. v. Doe 1*, 288 F.R.D. 233, 237-39 (E.D.N.Y. 2012) (finding an IP address insufficient to identify an infringer because "the actual device that performed the allegedly infringing activity could have been owned by a relative or guest of the account owner, or even an interloper without the knowledge of the owner"); *Patrick Collins, Inc. v. John Does 1-4*, No. 12 Civ. 2962(JB), 2012 WL 2130557, at *1 (S.D.N.Y. June 12, 2012) ("The fact that a copyrighted work was illegally downloaded from a certain IP address does not necessarily mean that the owner of that IP address was the infringer.").

"And some courts have adopted the view that an IP address is not-or may not be-a sufficient basis on which a plausible claim can lie against a subscriber." *Malibu Media, LLC*, 2014 WL 7188822, at *4; *see Elf-Man, LLC v. Cariveau*, No. C13-0507RSL, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) ("While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers."); *Malibu Media, LLC v. Tsanko*, No. 12-3899, 2013 WL 6230482, at *10 (D.N.J. Nov. 30, 2013) ("The Court questions whether these allegations are sufficient to allege copyright infringement stemming from the use of peer-to-peer file sharing systems where the Defendant-corporation is connected to the infringement solely based on its IP address. It may be possible that Defendant is the alleged infringer that subscribed to this IP address, but plausibility is still

the touchstone of *Iqbal* and *Twombly*."); *AF Holdings LLC v. Rogers*, No. 12cv1519, 2013 WL 358292, at *3 (S.D. Cal. Jan. 29, 2013) ("Due to the risk of 'false positives,' an allegation that an IP address is registered to an individual is not sufficient in and of itself to support a claim that the individual is guilty of infringement."); *In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) ("[I]t is no more likely that the subscriber to an IP address carried out a particular computer function—here the purported illegal downloading of a single pornographic film—than to say an individual who pays the telephone bill made a specific telephone call.").

Here too, Plaintiff has not shown how the geolocation software can establish the identity of the Defendant and therefore Plaintiff has not shown good cause as to why this case should not be dismissed for improper venue.  There is nothing that links the IP address location to the identity of the person actually downloading and viewing Plaintiff's videos, and establishing whether that person lives in this district. Even if this IP address is located within a residence, the geolocation software cannot identify who has access to that residence's computer and who would actually be using it to infringe Plaintiff's copyright.  The Court finds that Plaintiff has not established good cause for the Court to reasonably rely on Plaintiff's usage of geolocation to establish the identity of the Defendant.  The Court also finds that Plaintiff has not established good cause as to why this case should not be dismissed for improper venue.  Accordingly it is

ORDERED AND ADJUDGED that Motion, D.E. 6, is DENIED.  It is further

ORDERED AND ADJUDGED that Plaintiff's Complaint, D.E. 1, is DISMISSED WITH PREJUDICE.  It is further

ORDERED AND ADJUDGED that, for Administrative Purposes, this case is CLOSED.

DONE AND ORDERED in Chambers at Miami, Florida, this _3d__ day of April, 2015.

*Ursula Ungaro*

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record